UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>VINCENT B. HAMILTON,<br><br>            Defendant. | Case No. 08-cr-30252-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on defendant Vincent B. Hamilton's request for a hearing on his challenge to the Government's execution of $65 held by the State of Illinois and application of that sum to the monetary portion of judgment in Hamilton's criminal case (Doc. 32). He claims that property is exempt from execution because it qualifies as "undelivered mail" under 26 U.S.C. § 6334(a)(5).

The Government is authorized to enforce a judgment imposing a fine in accordance with federal or state law. *See* 18 U.S.C. § 3613(a). A judgment may not be enforced, however, against certain types of property enumerated in the Internal Revenue Code at 26 U.S.C. § 6334(a). *See* 18 U.S.C. § 3613(a)(1). One category of exempt property is: "Undelivered mail. – Mail, addressed to any person, which has not been delivered to the addressee." 26 U.S.C. § 6334(a)(5). Hamilton claims the $65 seized by the Government falls under this exemption.

In response, the Government has presented evidence that it obtained the $65 from the State of Illinois via its Cashdash website, which posts notices of unclaimed funds. In the summer of 2010, Cashdash indicated the Treasurer of the State of Illinois was holding $65 due to Hamilton from AT&T as an account payable. The Government filed a claim for the $65 in light of the judgment against Hamilton, and the Treasurer released the funds to the Government,

which then applied them to Hamilton's judgment.

The evidence currently on file does not suggest in any way that the $65 the Government received from the Treasurer was exempt from execution as "undelivered mail." However, the Court will give Hamilton an opportunity to present evidence showing a genuine issue of material fact that would justify an evidentiary hearing. The Court therefore **ORDERS** that Hamilton shall have up to and including March 4, 2011, to present evidence that the $65 received by the Government was "undelivered mail." He may do this by submitting affidavits, documents or any other item that could be admissible or usable at a trial. If Hamilton is unable to present evidence that the $65 was "undelivered mail," there will be no need for an evidentiary hearing. If Hamilton is able to present evidence creating a genuine issue of material fact about the origin of the $65, the Court will schedule an evidentiary hearing.

**IT IS SO ORDERED.**
**DATED:  February 17, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**
